A. S. CAMERON STEAM PUMP WORKS
v. LUBBOCK LIGHT & ICE CO.

(Court of Civil Appeals of Texas. Amarillo.
April 6, 1912. Rehearing Denied
May 4, 1912.)

**1.** PLEADING (§ 290*)—PARTIAL FAILURE OF CONSIDERATION—PLEA—VERIFICATION.

In an action for the price of pumping machinery, defendant's plea that plaintiff knew that the goods were not worth above $150, but represented to defendant that they were worth $322, that they were in fact practically worthless, except for scrap iron of a very low grade, not exceeding $100 and praying judgment on cross-bill for $250 above whatever amount the machinery should be found to be actually worth, set up a partial failure of consideration, and was required to be verified by Rev. St. 1895, art. 1265.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 859–863; Dec. Dig. § 290.*]

**2.** SALES (§ 440*)—WARRANTY—EVIDENCE.

In an action for the price of a pump purchased March 14, 1910, in which defendant set up a warranty, a letter written by the seller November 11, 1909, warranting the pump, was not objectionable for remoteness.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

**3.** SALES (§ 437*) — WARRANTY — PLEADING AND PROOF.

Where defendant pleaded that certain pumping machinery for the price of which plaintiff sued had been warranted to be first class in every particular and to give entire satisfaction, evidence of a witness that the design of the pump was poor was admissible, without a more specific allegation.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. § 437.*]

**4.** SALES (§ 437*) — WARRANTY — PLEADING AND PROOF.

Under such plea, evidence that the pump and engine took too much steam was admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1248–1257; Dec. Dig. § 437.*]

**5.** CORPORATIONS (§ 517*)—ACTS OF AGENT— DENIAL OF AUTHORITY — VERIFIED PLEADING.

Where a written order for goods was signed by E. as general manager of defendant corporation, his authority could not be denied in the absence of a verified plea under Rev. St. 1895, art. 1265, § 8, providing that any answer setting up a denial of the execution by defendant, or by his authority, of any writing upon which any pleading is founded, shall be verified.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2047–2051; Dec. Dig. § 517.*]

**6.** SALES (§ 440*)—WARRANTY—BREACH—EVIDENCE.

Where a pump was warranted to give entire satisfaction, evidence that the power required to run it was excessive was admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

**7.** SALES (§ 440*)—BREACH OF WARRANTY— VALUE OF PROPERTY—PLACE.

Where a pump for the price of which plaintiff sued was sold to defendant f. o. b. New York, under warranty of quality, which defendant claimed was not fulfilled, evidence as to the value of the pump at Lubbock, Tex., where it was set up, was immaterial.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

**8.** EVIDENCE (§ 474*)—OPINION EVIDENCE— COMPETENCY—KNOWLEDGE—VALUE.

Where a witness was not an expert as to the value of pumping machinery and he did not testify that he knew the value of a pump in controversy, he should not have been permitted to testify as to its value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

**9.** EVIDENCE (§ 317*) — HEARSAY—DECLARATIONS OF BYSTANDERS.

Where defendant claimed a breach of warranty in the sale of pumping machinery, evidence that parties standing near the pump when it was first installed had stated that it took too much steam was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

**10.** JUDGMENT (§ 251*)—DISPOSITION OF ALL ISSUES.

Plaintiff sued to recover $322, the price of pumping machinery, and defendant filed a cross-action to recover $250 for breach of warranty. The jury returned a verdict for plaintiff for $160, and that defendant take nothing. *Held*, that a judgment on such verdict disposed of all the issues.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

**11.** TRIAL (§ 194*) — INSTRUCTIONS—WEIGHT OF EVIDENCE.

Where the evidence was conflicting as to the date of the closing of the ice season in 1910, an instruction that the season closed during the month of November, 1910, was on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from Lubbock County Court; Jno. R. McGee, Judge.

Action by A. S. Cameron Steam Pump Works against the Lubbock Light & Ice Company. Judgment for plaintiff for less than the relief demanded, and it appeals. Reversed and remanded.

R. A. Sowder, of Lubbock, for appellant. Dillard & Moore, W. F. Schenck, and W. D. Benson, all of Lubbock, for appellee.

HALL, J. This appeal is from the county court of Lubbock county, where appellant, as plaintiff, filed suit to recover of appellee the sum of $322, based upon a letter as follows: "Answering your letter dated 7th instant, beg to advise that we understand your quotation and that you are going to furnish 1, 7x36 deep well engine, 1, 3¾x36

working barrel and 100 ft. of sucker rod, all f. o. b. car New York for $322.00. If this is right proceed with the work. [Signed] R. B. Ellis, G. M." This letter is dated March 14, 1910, written upon appellee's letter head, on which the name of R. B. Ellis appears as general manager of appellee company.

[1] Appellant first assigns error to the ruling of the court upon the special exception to appellee's second amended original answer; the exception being in substance that defendant pleaded a partial failure of consideration and that the plea had not been verified, as required by R. S. art. 1265. The allegations of the plea are not clear, but it is stated therein that appellee "knew that said goods at the time and on the terms so ordered were not worth above the market price for said goods of $150, and that said goods were represented to defendant to be worth the sum of $322; * * * that they were not worth the order nor asking price thereof nor the price agreed upon, if so agreed to, and in fact practically worthless except as scrap iron of a very low grade and inexpensive pump and fixtures and not exceeding the sum of $100, if that." The prayer is that appellee "have judgment on this cross-bill for the sum of $250 over and above whatever amount the said machinery may be shown to be actually worth, which defendant herein alleges cannot exceed the sum of $100," etc. From the foregoing allegations, construed together with the prayer, most strongly against the pleader, we think the plea was to the exception and should have been verified, and the first assignment is sustained.

[2] Appellant's second assignment is to the admission in evidence of a letter dated November 11, 1909, in which appellee claims appellant warranted the pump to be first class in every particular and to give entire satisfaction in service and operation. The objection urged to this letter is that it was too remote from the time of the purchase of the pump on March 14, 1910, to be considered as a warranty. The objection was properly overruled. The objection goes to the weight of the testimony only and not to its admissibility. We think the letter was admissible as a fact to be considered by the jury.

[3] The third assignment complains of the admission of the evidence of the witness Twitty, to the effect that the design of the pump was poor. Under the allegations of the answer upon the question of warranty, in the absence of a special demurrer, this testimony was admissible without a more specific allegation.

[4] The witness Twitty was permitted to testify that the pump and engine in question took too much steam, which was objected to because there was no allegation that it was warranted to do any specific work with any specific steam. The allegation on this point is "which said warranty was to the effect that the seller thereof guaranteed them to be first class in every particular and to give entire satisfaction in service and in operation." This testimony tended to prove that the pump was not satisfactory and was admissible. It is entirely competent for parties to a transaction like this to sell and to buy upon a warranty that the goods shall prove satisfactory to the vendee. Mechem on Sales, §§ 663–671. What has been said in disposing of this assignment also disposes of the fifth assignment, based upon the introduction of the letter written by Ellis to the effect that 30 horse power was required to operate the engine.

[5] The sixth, ninth, twelfth, fourteenth, and sixteenth assignments of error all relate to the action of the court in permitting evidence to be introduced sustaining the denial of the authority of Ellis to order the pump in question and to bind appellee for the payment of it. The assignments raise this question by objection to testimony and by exceptions to the court's action in refusing special charges. R. S. art. 1265, § 8, provides: "Any answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: * * * (8) A denial of the execution by himself or by his authority, of any instrument of writing upon which any pleading is founded in whole or in part and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed." There was no sworn pleading denying the execution of the written order which formed the basis of this suit, and in the absence of such a verified plea, none of this testimony should have been admitted.

[6] The seventeenth assignment is urged to the court's action in permitting the witness Needham to testify as to the amount of horse power necessary to run the machinery, and what has heretofore been said with reference to the admission of the testimony of the witness Twitty applies to the testimony of this witness, and we therefore think it was admissible under the allegations.

[7, 8] The witness Needham was permitted to testify as to the value of the machinery at Lubbock, Tex. This evidence was doubtless introduced under the plea of partial failure of consideration. The pump was sold f. o. b. New York. The objection was made that the witness had not sufficiently qualified himself to testify as to its value. He was not an expert, had not said that he knew its value, and we think the objection should have been sustained, as also the objection that its value at Lubbock was immaterial.

[9] The tenth assignment is that the court erred in admitting, over the objections of the plaintiff, the testimony of the witness Needham, to the effect that certain parties standing near the pump when it was first installed had stated that it took too much

steam. This testimony is clearly inadmissible, and we sustain the assignment. The eleventh assignment of error to the admission of testimony of the same character under similar conditions must also be sustained.

[10] There was a general verdict in favor of the plaintiff in the sum of $160. The suit was for the recovery of $322 and a cross-action by defendant for the recovery of $250. The judgment is in plaintiff's favor for $160 and that defendant take nothing. Appellant contends that the cross-action has not been disposed of, but we think under the fourth paragraph of the charge, specifically instructing the jury as to the form of their verdict, it disposes of all the issues in the case, and the assignment based upon such contention is therefore overruled.

[11] In the third paragraph of the general charge, the court in effect charged the jury that the ice season closed during the month of November, 1910. The evidence was conflicting upon this point; some of the witnesses testifying that the season closed in October. This paragraph of the charge was upon the weight of the evidence and improper.

Because of the errors hereinbefore pointed out, the judgment must be reversed, and the cause remanded, and it is so ordered.