### SPECTRALITE, Inc., v. SEGALL.
### No. 3376.

Court of Civil Appeals of Texas. Amarillo.
March 12, 1930.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Fischer & Fischer, of Wichita Falls, for appellee.

JACKSON, J.

The plaintiff, Spectralite, Inc., instituted this suit in the district court of Wichita county, Tex., against the defendant, Gene Segall, doing business as the Segall Tire Company, to recover liquidated damages as stipulated in a written contract entered into between the parties, relating to the erection and maintenance of a neon gas illuminated sign.

Plaintiff alleges that on the 18th of April, 1928, it entered into a written contract with the defendant by the terms of which the defendant, as lessee, agreed to pay the plaintiff, as lessor, $100 per month, as rental for a period of sixty months, for signs constructed and installed by plaintiff on the defendant's premises in Wichita Falls, Tex. That the defendant paid plaintiff the rent of $100 per month for four months, beginning July 1, 1928, but on or about November 1st, thereafter, refused to pay rent and has since failed and refused to pay said rental or any part thereof. That the defendant advised plaintiff that he did not intend to pay in the future or abide by the terms of the contract, although plaintiff has performed all of the obligations imposed upon it by said contract. That said contract specified that in the event the defendant defaulted in the payment of such rental when due, or failed to perform any of the obligations imposed upon him by the contract, that he should pay to the plaintiff forthwith, as liquidated damages for the breach of such contract, an amount equal to three-fourths of the balance of the rental provided for in said contract, whether said amount was due or not. That under said agreement, and on account of the breach of the contract by defendant, plaintiff is entitled

to recover the sum of $4,200 as liquidated damages. That the contract also provides that in the event of its breach and suit is instituted for the enforcement of the agreement, the defendant is to pay to plaintiff reasonable attorneys fees, which, it alleges, is the sum of $500.

Plaintiff attached to and made a part of its petition a copy of the contract, together with the specifications for the installation of the sign.

The defendant answered by general demurrer, numerous special exceptions, and general denial. He pleaded by way of cross-action that he entered into the contract upon the representations of the plaintiff that the sign constructed and installed would display correctly and perfectly, during the nighttime, such words and emblems as the defendant desired for advertising his merchandise and place of business to the public, and that such advertising was the consideration and inducement causing him to enter into the contract. That, immediately following the installation of the sign, certain letters and emblems thereon would not illuminate so as to display defendant's advertising in a perfect and correct manner and be visible in the nighttime; that the sign failed to function but presented a grotesque spectacle, and was an object of derisive comment by the passing public, and a great source of annoyance to the defendant. That the plaintiff was fully aware of the defects in the construction and installation of said sign and its failure to function and promised the defendant that it would remedy such defects, which promises the defendant believing and relying upon made four monthly payments of rent. That plaintiff, through its officers, agents, and representatives worked upon the sign from time to time after the installation, but failed to make the sign function and display defendant's advertisement. That about November 1st, the defendant advised the plaintiff that no more monthly rent would be paid until the sign was made to operate as provided for and contemplated in the contract. That the plaintiff failed to make the sign perform, refused to correct the defects and ceased to make any effort to do so, but immediately brought suit against the defendant for $4,200 as liquidated damages, and $500 as attorneys fees, for the alleged breach of the contract; that the sign was without value and the defendant had received nothing for the $400 paid to the plaintiff as rental, for which amount he sued in his cross-action.

In response to special issues submitted by the court, the jury found that the plaintiff failed to furnish a sign that operated and displayed the defendant's advertising as contemplated in the contract, and abandoned and failed to carry out the contract, and that the defendant did not refuse to carry out the contract with plaintiff.

Upon these findings, the court rendered judgment that the plaintiff take nothing, pay the costs of the suit, and the defendant take nothing on his cross-action, from which judgment the plaintiff prosecutes this appeal.

■ The appellant properly presents as error the action of the trial court in giving special issue No. 1, because, as written, it submitted to the jury, a mixed question of law and fact.

The issue reads: "Did the plaintiff furnish to the defendant a sign that operated and displayed the defendant's advertising thereon as was contemplated by the contract?"

We deem it unnecessary to copy the written contract herein, or set out the various terms and provisions thereof.

The contract stipulated that the defendant, if he failed to pay the rent monthly, should pay to plaintiff three-fourths of the unpaid balance as liquidated damages, whether due or not. It also provided for reasonable attorneys fees, if suit was brought to enforce the agreement.

The appellant sought to recover liquidated damages and attorneys fees, as stipulated. The appellee denied the breach of the contract by himself, and urged the breach of the contract by appellant as a defense to the suit.

■ The contract sued on is clear, complete, and unambiguous, and, where the intention or contemplation of the parties can be ascertained from the provisions thereof, it is settled law in this state that the construction of the contract is a question of law for the court and should not be submitted to the jury.

"It is elementary that the trial court should not submit to the jury for their determination an issue involving a mixed question of fact and law. It is likewise axiomatic that an issue should not be submitted to the jury, if the same involves the construction of a contract or written instrument, or if the same calls for the determination of a question of law by them." Hanover Co., Inc. et al. v. Hines et al. (Tex. Civ. App.) 11 S.W.(2d) 621, 623.

"The construction to be placed upon the contract, where it is plain and unambiguous, is one for the court, and should not be submitted to the jury. This means that it is the duty of the court to construe for the jury the legal effect of an unambiguous instrument or a term thereof." Steinberg et al. v. Morgan (Tex. Civ. App.) 300 S. W. 253, 255.

See also Totten v. Houghton (Tex. Civ. App.) 2 S.W.(2d) 530; Varnes v. Dean (Tex. Civ. App.) 228 S. W. 1017.

The court nowhere in his charge construes the contract or advises the jury of the respective obligations of the parties thereto. We think this issue submits to the jury for its determination the construction of the contract as well as the facts pertaining to its breach. This assignment is sustained.

The appellant, by proper assignments, urges as error the action of the trial court in permitting the appellee to plead and offer testimony to prove failure of consideration without verifying his plea, over appellant's exception to the pleading, and over his objection to the testimony.

Article 2010, subdivision 10, R. C. S., provides in substance that, in order to urge a plea of failure of consideration to a written instrument, such pleading must be verified.

The appellant properly excepted to appellee's answer because his pleading was not verified, and in the trial objected to the admission of the testimony tending to prove failure of consideration. In our opinion, appellee's pleading presented the issue of failure of consideration and, not having been verified, the ruling of the court was error. A. S. Cameron Steam Pump Works v. Lubbock Light & Ice Co. (Tex. Civ. App.) 147 S. W. 717.

Appellant's assignments presenting as error the action of the court in failing to direct a verdict in its behalf, urging the insufficiency of the testimony to sustain the findings of the jury, the duplicity of some of the issues presented, and the refusal of the court to give its special requested issues, we will not discuss in detail. In our opinion, the court did not err in refusing to peremptorily instruct a verdict for the appellant. The testimony was sufficient to present the issues of fact, relative to the party who had breached the contract. The questions presented on the duplicity of the charge, and the refusal of special issues, in all probability, will not occur on another trial.

Appellee's cross-assignment, presenting as error the action of the trial court in overruling his exceptions to the effect that appellant's petition did not sufficiently state a cause of action for liquidated damages under the contract, is overruled. Langever v. R. G. Smith & Co. (Tex. Com. App.) 278 S. W. 178.

For the errors discussed, the judgment is reversed, and the cause remanded.