### STEWART v. VANNATTA et ux.

No. 939.

Court of Civil Appeals of Texas. Waco.

Sept. 18, 1930.

Rehearing Denied Oct. 23, 1930.

Weatherby & Rogers and B. A. Garrett, all of Waco, for appellant.

H. J. *Cureton*, of *Meridian*, and Joseph W. Hale, of Waco, for appellees.

GALLAGHER, C. J.

Appellant, R. H. Stewart, alleged that he owned a tract of land in Bosque county, consisting of 495 acres; that the same was improved property, having a residence, stock sheds and yards thereon; that he also had thereon certain farming implements suitable for cultivating the same and livestock consisting of 136 head of goats and a few sows; that he also had thereon a few turkeys; that on or about January 1, 1923, he entered into an agreement with appellee Tom Vannatta, in substance, that he was to turn said land, farming implements, live stock, and turkeys over to him; that appellee should move on the place and furnish the teams and labor to cultivate the remainder of the tillable land not then sowed in oats; that he should also care for said live stock and turkeys; that the crops raised, the mohair clipped from the goats, and the increase of live stock and turkeys should be equally divided between appellant and appellee. He further alleged that it was contemplated at the time that he should buy a small herd of dairy cows and place the same in the possession of appellee on said land; that appellee should take care of the same and market the milk; that after deducting the cost of feeding said cows, the proceeds of the sale of milk should be equally divided between them; that all increase from said cows should also be so divided. He further alleged that appellee was to plant and cultivate the crops and care for the live stock and turkeys in a farmerlike manner and was to care for the cattle and operate the dairy in a dairymanlike manner. He further alleged that appellee moved onto said premises and undertook the performance of his part of said agreement; that shortly thereafter he procured 16 dairy cows and turned them over to appellee under the aforesaid agreement with reference thereto. Appellant further alleged that appellee breached said contract, in that he failed to cultivate the land and care for the live stock and turkeys in a farmerlike manner, and failed to operate the dairy and care for the dairy cattle and their increase in a dairymanlike manner. He further alleged specifically that appellee breached the terms of said agreement between them, in that he did not properly care for the dairy cows and their calves; that he permitted one of the cows to be ruined as a milker for lack of attention and that he negligently permitted a number of the young calves to die; that he also negligently permitted a number of the young pigs and turkeys to be killed or die. Appellant also alleged that appellee had converted some of his (appellant's) individual property situated on said farm to his own use and had disposed of some of their partnership property and failed and refused to account to him for his interest therein. Appellant asked specifically for possession of all the property, real and personal, individual and partnership, for an accounting, and for damages for appellee's failure to properly plant, cultivate, and harvest the crops and for the losses sustained by him because of appellee's failure to properly care for the live stock, dairy cattle, and turkeys. Appellant sued out a writ of sequestration, and on August 24, 1929, caused the same to be levied on said land and upon all the crops, farming implements, live stock, and turkeys situated thereon. Appellees were by such levy evicted from the premises and dispossessed of all the personal property aforesaid.

Appellees denied all appellant's allegations and asserted various claims of credits and offsets to be taken into consideration in a final accounting. They also alleged that the writ of sequestration was wrongfully sued out and that by the levy thereof appellant evicted them from said premises and converted their interest in the partnership property aforesaid. They asked for actual and exemplary damages sustained by them by such levy.

The case was tried to a jury. Many of the contentions with reference to the issues involved in accounting were settled by agreement. Other such contentions were submitted and determined by the jury. The jury also found that the value of appellee's interest in the personal property sequestered amounted to $388.50. The principal basis for the judgment rendered is the finding of the jury in answer to special issue No. 24. Said issue and the answer of the jury thereto are as follows:

"Taking into consideration all the evidence in this case, do you find that the defendant Vannatta reasonably complied with the obligations resting upon him under the terms of the contract in evidence as you may find them to be, up to August 23rd, 1929?"

Answer: "Yes."

The jury found, in answer to other issues submitted for determination only in event of an affirmative answer to the foregoing issue, that appellee had sustained actual damages by the levy of the writ of sequestration in the sum of $250; that such writ was sued out maliciously and without probable cause; and that appellee should recover the further sum of $400 as exemplary damages. Based on said findings and the credits allowed appellant and appellee, respectively, in accounting,

the court rendered judgment in favor of appellee and his wife against appellant for the sum of $700.56. The court further adjudged that appellant take nothing herein, further than the credits allowed him in accounting as aforesaid and the possession of the land and personal property seized under the writ of sequestration, reciting that appellee had been awarded damages in lieu of all his interest therein. The judgment further awarded execution in favor of appellees against appellant for the collection of the amount so recovered by them and directed that possession of the land and personal property be returned to appellant.

### Opinion.

Appellant, by his tenth proposition, presents as ground for reversal the action of the court in submitting over his objection special issue No. 24, as hereinbefore set out. Appellant objected to the submission of said issue on various grounds. The most pertinent of the grounds so urged was that the same was in the form of a general charge and did not submit separately the various breaches of contract alleged and proved by appellant. Appellant also prepared and presented to the court, with the request that they be submitted to the jury for determination, various special issues with reference to the several specific breaches of contract alleged by him and the loss or damage sustained by him by reason of each such breach, all of which the court refused to submit. Appellant's specific allegations of breach and damage have been hereinbefore set out. He introduced testimony tending to sustain such allegations.

Our Supreme Court, in the leading case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 521, par. 4, declared that it was the duty of the court in trials by jury to submit each fact issue raised by the pleadings and evidence, distinctly and separately avoiding all intermingling. The special issue under consideration violated the rule announced in that case, and the submission of the same over the objection of appellant constituted reversible error. Fox v. Dallas Hotel Co., supra; Totten v. Houghton (Tex. Civ. App.) 2 S.W.(2d) 530, 534, par. 10, and authorities there cited; Brammer & Wilder v. Limestone County (Tex. Civ. App.) 24 S.W.(2d) 99, 104, par. 8; Spectralite, Inc., v. Segall (Tex. Civ. App.) 25 S.W.(2d) 927, 928, par. 1; Kan. City, M. & O. Ry. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111, 114, par. 7; Koontz v. Colglazier & Hoff (Tex. Civ. App.) 5 S.W.(2d) 618, 619, par. 1; Kansas City, M. & O. Ry. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335, 337, pars. 4 and 5, and authorities there cited; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137, 138, pars. 3 and 4; Western Union Tel. Co. v. Rutledge (Tex. Com. App.) 15 S.W.(2d) 210, 211, et seq., pars. 3 and 4; Texas & Pacific Ry. Co. v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098, 1101, par. 3; Phœnix Furniture Co. v. McCracken (Tex. Civ. App.) 3 S.W.(2d) 545, 549, par. 5.

The judgment of the trial court is reversed, and the cause is remanded.