## WONDERFUL WORKERS OF THE WORLD v. WINN.

### No. 951.

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1930.

Rehearing Denied Oct. 30, 1930.

F. M. Fitzpatrick, of Waco, for appellant.

W. C. Taylor, of Waco, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant to recover on a $500 certificate issued to Girtha Winn. Appellee alleged that appellant was a life insurance corporation with lodges located in various places in Texas, one of which was in Waco, and that appellant issued to members of its local lodges membership certificates which provided that appellant would pay certain sums of money upon the death of the member to the beneficiary named in the certificate. Appellee further alleged that Girtha Winn, his wife, was accepted as and became a member of the local lodge of appellant in Waco, and that as such member appellant issued to her a certificate under the terms of which it agreed to pay appellee, the husband of Girtha Winn, $500 upon her death. Appellee alleged that Girtha Winn was dead; that she had complied with all the rules and requirements of the appellant lodge and paid all assessments and dues required and that the certificate was in full force and effect at the time of her death; that appellant having failed and refused to pay the amount of the certificate was liable for reasonable attorney's fees, 12 per cent. penalty and interest, for all of which he prayed judgment. Appellee further alleged that if it should be found that the dues and assessments were not paid by Girtha Winn, it was caused by appellant having waived same and that it could not therefore claim any forfeiture of the certificate of insurance by reason of same not having been paid.

Appellant alleged that it was not liable because of false statements made by Girtha Winn in her application for membership in the lodge, in that she stated she was in good health and was not suffering with any chronic disease and had not been sick, when, as a matter of fact, she was at said time suffering with, and had for a number of years had, pellagra, and that she died of pellagra a few months after the certificate was issued; further, that after the certificate was issued it ascertained the falsity of the application and took up said certificate of membership and insurance and refunded Girtha Winn the total amount she had paid, and that she accepted same in full satisfaction and relinquishment of all and any claim; and, further, that she failed to pay her dues and assessments as required by the constitution and by-laws of appellant, and under the terms of the certificate same thereby became null and void; and, further, that Girtha Winn never took the obligation in the local lodge and was not therefore a member of the lodge, and by reason thereof the certificate never had any force or effect.

It appears from the record that a local lodge of the Wonderful Workers of the World was organized in Waco, known as White Rose Temple, in January, 1928, and Emma Ward was elected secretary and treasurer. On January 16th a certificate of membership was issued to Girtha Winn. On April 20, 1928, the membership certificate was taken from Girtha Winn and she was refunded $5.25, the total amount that she had paid thereon, including fees, assessments, initiations, and incidentals, and the certificate was sent to the state headquarters and there marked, "Cancelled." On July 16, 1928, Girtha Winn died. After the certificate was taken up on April 20, 1928, no further dues or assessments were paid by Girtha Winn or any one for her. The constitution and by-laws of appellant show that there would have been due on said certificate, if same was valid, the annual tax due June 1st of 80 cents, and a home and business fund fee on July 1st of 45 cents, and a death relief payment on July 1, 1928, of $1.25. The membership certificate that was issued to Girtha Winn recites, in substance, that by reason of her having made herself financial with the Wonderful Workers of the World by having paid all assessments and dues to its date she was a member thereof; that if she continued to keep herself financial with said lodge in conformity with its rules and regulations it would pay (appellee, her husband) the beneficiary named not to exceed $500 upon her death; that the application for membership and the constitution and laws of the order would constitute the agreement between her and the association; that in the event she had made any false statements in the application and the falsity had been discovered the contract or certificate would be null and void; that in the event she failed to pay her dues as prescribed in the constitution and laws of the order, she became automatically suspended from all benefits of the association.

The cause was tried to a jury, and submitted on the following special issues:

Issue No. 1: "Did Girtha Winn keep herself financial from February 15, 1928, until the time of her death on July 16, 1928, with the defendant company by the payment of the dues required of her according to the laws, constitution, rules and regulations of the defendant company?" Which the jury answered, "Yes."

Issue No. 2: "Did the said Girtha Winn use due diligence to keep herself financial in defendant company?" (This was not answered, the court having told the jury not to answer same if they answered issue No. 1 "yes.")

Issue No. 3: "Was the said Girtha Winn prevented from keeping herself financial, if

you have found that she did not keep herself so by wrongful acts, if any, on the part of the defendant company or its duly authorized agents?" The jury answered, "Yes."

Issue No. 4: "Was the wrongful act or acts if any, on the part of the defendant company, or its duly authorized agents, the sole cause of the failure, if any, on the part of the said Girtha Winn to keep herself financial in said company?" Which the jury answered, "Yes."

Special Issue No. 9 (requested by appellant): "Was the obligation of the defendant order given to the deceased in the local lodge by the lodge authorities of said order?" Answered, "No."

Issue No. 5: "What amount in dollars and cents would be a reasonable attorney's fee for plaintiff's attorney in this cause?" Answer: "$150.00."

The trial court entered judgment for appellee for $537.40.

Appellant complains at the action of the trial court in refusing to permit it to introduce in evidence the application of Girtha Winn for membership in its local lodge and in refusing to permit it to prove by Dr. Smith, Dr. Conner, Dr. Bell, and several neighbors that Girtha Winn for several months before she made her application to join the lodge in January, 1928, and up until her death in July, 1928, was suffering with pellagra, and that Girtha Winn had so told them. We sustain these assignments. In his petition appellee alleged that appellant was a life insurance corporation with lodges, and that the deceased, Girtha Winn, was a member of the local lodge in good standing, and by reason thereof the certificate was issued to her, and he based his claim upon the certificate issued to his wife as a member of said lodge. Appellee introduced in evidence the charter and the constitution, by-laws, and rules of appellant. The charter issued to appellant states that its sole purpose for which it was formed was the support of a benevolent and charitable undertaking, to wit, the taking care of and administering to the sick and distressed members while living and providing decent and respectable burial for its dead, and giving aid and relief to its indigent members, and that by reason of it being organized purely for benevolent purposes, it had no capital stock. The charter, constitution, by-laws, and rules of appellant offered in evidence show that it consists of a grand lodge with subordinate lodges, and is a fraternal benefit society as contemplated by articles 4820, 4821, 4822, 4823, 4824, and 4834 of the Revised Statutes.

Article 4834 of the Revised Statutes provides specifically that in fraternal benefit societies the articles of incorporation, the constitution and laws, the application for membership and medical examination signed by the applicant, and all amendments, shall constitute the agreement between the society and the member, and that copies thereof shall be received in evidence of the terms and conditions thereof. We think under the plain provisions of said article the original application for membership signed by Girtha Winn was admissible in evidence.

The testimony of the doctors that she was suffering in March, April, May, June, and July, 1928, with pellagra, and that she died of said disease, was admissible, tending to show that she had pellagra at the time she made the application in January, 1928, and that same was the cause of her death. The testimony of the other witnesses to the effect that Girtha Winn told them at different times in the fall and winter of 1927 and 1928 that she was suffering with pellagra and had been for a long period of time was admissible for the same purpose.

Appellant further contends that the court committed error in submitting special issue No. 1 because same submitted a mixed question of law and fact, and because of its duplicity. We sustain this assignment. The issue as submitted turned the jury loose without any chart or compass to determine first what was required to be paid under the constitution, rules, and regulations of appellant and then determine whether same had been paid. It was the duty of the court to construe the by-laws, rules, and regulations of appellant, unless same were ambiguous, and let the jury determine the fact issues. Hanover Company, Inc., v. Hines (Tex. Civ. App.) 11 S.W.(2d) 621; Id. (Com. App.) 23 S.W.(2d) 289; Spectralite, Inc., v. Segall (Tex. Civ. App.) 25 S.W.(2d) 927.

Appellant complains at the action of the trial court in submitting special issues Nos. 3 and 4 with reference to whether Girtha Winn was prevented from paying the dues required because they did not confine the jury to any specific act or acts alleged in appellee's petition. We sustain these propositions. It is a well-settled principle of law that a party can only recover upon the allegations contained in his petition, and the court should submit to the jury only those issues specifically pleaded and supported by testimony.

Appellant further contends that the trial court was in error in rendering judgment against it because the answers of the jury to issues No. 1 and No. 3 are in direct conflict, in that under issue No. 1 the jury found that Girtha Winn kept herself financial with appellant by paying the dues and assessments, and under Issue No. 3 the jury found that she was prevented from keeping herself financial by paying her dues to appellant. We sustain this proposition. The answer of the jury to the two questions cannot be reconciled. She could not have kept herself financial

and at the same time have been prevented from keeping herself financial by the wrongful acts of appellant.

Appellant complains of the action of the trial court in failing to submit to the jury its defenses that Girtha Winn, at the time she applied for and was granted the certificate of membership and insurance, was not in good health, and that she died of a malignant chronic disease which she had contracted prior to the time her certificate was issued, and that she accepted the $5.25 paid to her at the time she surrendered her certificate in full satisfaction and settlement of any claim she had against it. Each of these defenses was specifically pleaded by appellant and there was evidence offered supporting same. While we do not specifically commend the wording of the issues as tendered by appellant, they were sufficient to call the trial court's attention thereto, and each of said defenses having been raised by the pleadings and evidence, should have been in proper form submitted to the jury for its determination. The law is well settled that the defendant is entitled to have each separate defense pleaded, which is supported by the testimony, submitted separately to the jury for its determination.

Appellee, by cross-assignments of error, contends the trial court was in error in refusing to enter judgment for him for the $150 attorney's fee, and for 12 per cent. penalty; his contention being that under the record in this case appellee was not a fraternal benefit society. We overrule these assignments. We think the trial court was correct in holding that appellant was a fraternal benefit society and governed by the law relative thereto. Our Supreme Court has held that fraternal benefit societies are not liable for either attorney's fees or the statutory penalty for failure to pay an insurance policy. Pledger v. Business Men's Accident Association (Tex. Com. App.) 228 S. W. 110; Schumann v. Brownwood Mutual Life Insurance Ass'n (Tex. Com. App.) 286 S. W. 200.

The judgment of the trial court is reversed, and the cause is remanded.