## KEMPER v. POLICE & FIREMEN'S INS. ASS'N.

Motion No. 9993; No. 1508—5803.

Commission of Appeals of Texas, Section A.
March 9, 1932.

For former opinion, see 44 S.W.(2d) 978.

Charles T. Haltom, of San Antonio, for plaintiff in error.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for defendant in error.

### CRITZ, J.

Our original opinion, which is found at 44 S.W.(2d) 978, makes a full statement of the facts and issues of this case. We refer to that opinion for such statement. As shown by our original opinion: "The plaintiff sued the defendant, a fraternal benefit association, duly incorporated, to recover $2,000 alleged to be due as insurance on the life of William H. Kemper, deceased husband of the plaintiff, on a contract of insurance issued by the defendant to the deceased during his lifetime, in which certificate the plaintiff was named beneficiary. Trial in the district court with a jury resulted in a verdict and judgment for the plaintiff for the full amount of the policy. On an appeal by the defendant, this judgment was reversed by the Court of Civil Ap-

peals and judgment rendered for Mrs. Kemper for $200. 28 S.W.(2d) 1111. Mrs. Kemper brings error."

The Court of Civil Appeals held, as a matter of law, that the evidence in this case failed to show that the insured was totally disabled from the time of the injury to the time of death, and on that ground reversed and rendered the cause in favor of the insurance association. We disagreed with that holding and reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court. We still adhere to the holdings of law announced in our original opinion as to that question, but we have concluded that we were in error in overruling, without discussion, certain other assignments of error contained in the brief of the association in the Court of Civil Appeals.

The case was submitted to the jury on special issues. Along with such issues the court gave the following general charge to the jury: "You are instructed that the phrase 'independently of all other causes,' as used in Question No. 2, of the Court's main charge, means that if the death of said William H. Kemper was caused wholly or in part by a disease, or something else, then the injuries will not have resulted independently of all other causes, unless such disease or something else shall have been due to the injury received at the fire, if any. And should you find that said disease, or something else, was in fact caused by said injuries, then your answer to said question should be 'yes'; but should you find that said disease, or something else, was not in fact caused by said injuries, your answer to said question should be 'no.'"

■ The association excepted to the above charge for various reasons, among which it was pointed out to the court that such charge was a general charge. The instruction is undoubtedly a general charge in violation of article 2189, R. C. S. 1925. St. Louis S. W. Ry. Co. v. Hudson (Tex. Com. App.) 17 S.W.(2d) 793; Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Texas & P. Ry. Co. v. Perkins (Tex. Com. App.) 48 S.W.(2d) 249.

■■ The cases above cited fully construe the statute as regards the giving of general charges in cases submitted on special issues, and define the duties of the court in such instances, and we do not deem it necessary to here repeat such discussion. It is sufficient to say that, where a case is submitted on special issues, the court is forbidden to give a general charge, and his instructions must be confined to "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The charge should never extend to a discussion of the case, and should never concretely tell the jury how to answer particular questions, in view of particular findings. The phrase, "independently of all other causes," is a proper one to be defined, but the charge should go no further than to define its legal meaning.

The association excepted to certain special issues submitted by the trial court on the ground that such issues submitted mixed questions of law and fact. The following issue is typical of these issues: "(3) If you answer 'Yes' to Question 2, then did such injuries sustained by plaintiff's husband result in his 'total disability' as required by the terms of the contract? Answer 'Yes' or 'No.'"

■ The issue is subject to the criticism urged. Articles 2184 and 2185, R. C. S. 1925. Under the statute cited the court should never submit mixed issues of law and fact to the jury, but only issues of fact. Hanover Co. v. Hines (Tex. Civ. App.) 11 S.W.(2d) 621; Totten v. Houghton (Tex. Civ. App.) 2 S.W.(2d) 530; Varnes v. Dean (Tex. Civ. App.) 228 S. W. 1017. The phrase, "as required by the terms of the contract," permitted the jury to construe the contract. The construction of a contract is a question of law for the court, and not a question of fact for a jury.

There are other assignments urged which will probably not occur in another trial.

We recommend that the motion for rehearing filed herein by the defendant in error be granted, that the former judgment of this court reversing the judgment of the Court of Civil Appeals and affirming the judgment of the trial court be set aside, and that judgment be now here entered reversing the judgments of the Court of Civil Appeals and of the district court and remanding the cause to the district court for a new trial.

CURETON, C. J.

Previous judgment set aside, and judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.