**REED et al. v. JAMES et al.**

**No. 9721.**

Court of Civil Appeals of Texas. San Antonio.

Feb. 19, 1936.

Rehearing Denied March 18, 1936.

Cocke & Marberry, Joseph Cocke, and W. R. Smith, Jr., all of Austin, for appellants.

Guy S. McFarland and C. Stanley Banks, both of San Antonio, for appellees.

MURRAY, Justice.

Appellees, Maria W. James, Thornton Stevens, Bettie S. Keller, Raymond Keller, Mary S. Halsey, Frank W. Halsey, Eleanor S. Crane, Leo Crane, and Mrs. Katherine Douglass Stevens, acting for herself and as independent executrix of the last will of John J. Stevens, Jr., deceased, instituted this suit against James C. Arnold and appellants, M. H. Reed and T. S. Reed, seeking the cancellation of a certain contract, and to recover $9,000 as accrued rentals under the contract, and $1,495.34 for unpaid taxes.

Appellees alleged the execution of a lease contract between John J. Stevens and Maria W. James, as lessors, and James C. Arnold, as lessee; that appellants M. H. Reed and T. S. Reed were the successors to all the rights and liabilities of James C. Arnold, the original lessee; that all of

the appellees other than Maria W. James were the successors to all the rights and liabilities of the original lessor, John J. Stevens; that said contract provided for a minimum rental of $900 per month for mining asphaltic rock from the land and premises covered by the lease, and the payment by lessees of all state and county taxes on the property leased; that appellants had defaulted in such payments; and that on April 26, 1932, appellees, acting by and through John J. Stevens, Jr., had sent to appellants the following notice of cancellation of the lease:

"On November 29, 1927, John J. Stevens and Maria W. James leased to James C. Arnold 4500 acres of land, more or less, in Uvalde and Kinney Counties to be mined for asphalt, which lease was transferred to the Standard Rock Asphalt Company. We are informed that this lease was sold through the Bankruptcy Court to M. H. Reed of Austin, Texas, and T. S. Reed of Beaumont, Texas, and that you are now a part owner of this lease.

"This is to inform you that you have violated paragraphs five (5), six (6), seven (7) and nine (9) of this contract, in that you have not paid us any royalty as provided for in said contract since the payment covering up to and including March 15th, 1932, and you now owe us the sum of $5400.00 for said royalty, and further that you have not paid taxes as provided for in said contract, and there are now taxes due and unpaid in the sum of $747.-16, and more taxes will be due and payable on October 1st, 1932.

"This is formal notice to you, in conformity with paragraph twelve (12) of said lease, to comply, within ten (10) days after the receipt of this notice, with the terms of paragraphs 5, 6, 7 and 9 of the above referred to contract, and also this is notice to you that in the event you do not comply with the terms of said paragraphs 5, 6, 7 and 9 of the above referred to contract within ten (10) days from the receipt of this notice, then this lease shall be cancelled and annulled, as provided for in paragraph twelve (12)."

That notwithstanding this notice, appellants had refused to vacate such property; that appellees had been forced to bring this suit to procure a cancellation of this contract; that rentals had been paid up to and including March, 1932; and that at the time of filing the suit there was ten months' rent due, or the sum of $9,000,

as well as the taxes. Appellees also asked for an injunction restraining appellants from removing any of their machinery from the premises until all rentals and taxes were fully paid.

Appellants answered contending that the contract was in fact canceled by the notice of April 26, 1932, and that there were no rentals due under the contract. A cross-action was set up, but it has no bearing on our decision herein.

■ The cause was submitted to the jury upon one special issue, to wit:

"Question No. 1: Upon what date do you find from a preponderance of the evidence did the plaintiffs cancel the lease contract in question?

"Answer by giving date.

"We, the jury, answer: June 15, 1932."

It is clear that neither the appellants nor the appellees were contending that the contract was terminated on June 15, 1932. Appellants plead that it was terminated on April 26, 1932; appellees plead that it continued in effect ten months after April 26, 1932. The finding of the jury is wholly unsupported by the pleadings of either side.

■ It is a well-settled rule that the issues upon which a case is tried must be first presented by the pleadings. Where the verdict of the jury and the judgment of the court are wholly unsupported by the pleadings, they cannot stand. The allegations and the proof must correspond. The finding of the jury that the contract was terminated on June 15, 1932, is repugnant to either the theory of the appellants or that of the appellees. Brewton v. Butler (Tex.Civ.App.) 12 S.W.(2d) 228; Sivalls Motor Co. v. Chastain (Tex.Civ.App.) 5 S.W.(2d) 185; Miller v. Pettigrew (Tex. Civ.App.) 10 S.W.(2d) 168; Provident Life & Accident Co. v. Johnson (Tex.Civ. App.) 235 S.W. 650; Abbott v. Andrews (Tex.Com.App.) 45 S.W.(2d) 568.

■ Appellants contend that, the contract providing for cancellation by lessors in the following language: "The failure on the part of the Lessee to pay the amounts specified in Fifth paragraph and Seventh and Ninth paragraphs of this contract, or the failure to comply with the terms of Sixth Paragraph hereof, shall authorize the Lessors to cancel and annul this lease after giving ten (10) days' notice to the Lessee and the failure of the latter within said time to comply with the condi-

tions of said paragraphs," coupled with the notice of cancellation and subsequent failure of lessees to comply with the provisions of paragraph 9 of the contract, within the ten days specified, was sufficient to terminate and fully cancel the contract. We do not agree with this contention. It occurs to us that a third step is required, the affirmative act of cancellation. In other words: First, there must be notice on the part of the lessor; second, failure to comply within ten days on the part of the lessee; and then the act of cancellation on the part of the lessor.

The trial judge submitted this entire cause to the jury in one special issue, as above set forth. This issue was too general in its nature and required the jury, without any instructions to guide them, to first construe the contract and determine for themselves what would be required by the terms of the contract to cancel, and then, having determined this pure question of law, determine whether under the facts there had actually been cancellation of the contract. Such action was error requiring a reversal. Kemper v. Police & Firemen's·Ins. Ass'n (Tex.Com.App.) 48 S.W. (2d) 254; Hanover Co. v. Hines (Tex. Civ.App.) 11 S.W.(2d) 621, 623; City of Port Arthur v. Young (Tex.Civ.App.) 37 S.W.(2d) 385; Wonderful Workers of the World v. Winn (Tex.Civ.App.) 31 S.W. (2d) 879; Spectralite v. Segall (Tex.Civ. App.) 25 S.W.(2d) 927; Totten v. Houghton (Tex.Civ.App.) 2 S.W.(2d) 530; Varnes v. Dean (Tex.Civ.App.) 228 S.W. 1017.

There. are other questions presented, but we do not deem it proper or necessary to discuss them.

For· the error pointed out the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

#### On Motion for Rehearing.

We wish to acknowledge a misstatement of the record in our original opinion, wherein we stated that this cause was submitted upon the one issue set out in the opinion. There was in fact another issue submitted. In response to appellants' request the following issue was submitted to the jury: "Do you find from a preponderance of the evidence that plaintiffs canceled said contract with the defendants on April 26, 1932?" To which the jury answered, "No." However, this fact ·in no way affects our original decision and we adhere to same.

Appellants' motion for a rehearing will be overruled.