LIZZIE BURGESS ET VIR V. FRANK SYLVESTER ET UX.

No. A-91. Decided May 24, 1944.
Rehearing overruled October 11, 1944.
(182 S. W., 2d Series, 358.)

*R. D. L. Killough*, of Vernon, *Sam J. Dotson*, of Longview, and *Jesse Owens*, of Austin, for petitioners.

There being sufficient evidence to make the issue of undue influence a question for the jury, it was error for the Court of Civil Appeals to hold that the answer of the jury to the special issue as to whether or not testator executed said will under the undue influence of Frank Sylvester and his wife, had no support in the evidence. Western Assurance Co. v. Busch, 203 S. W. 460; Lee v. International & G. N. Ry. Co., 89 Texas 583, 36 S. W. 63; Joske v. Irvine, 91 Texas 574, 44 S. W. 1059.

*Storey, Storey & Donaghey*, of Vernon, for respondents.

The trial court correctly overruled petitioner's motion for a judgment on the verdict of the jury in answer to special issue on undue influence, which answer of the jury found that the will was executed under the undue influence of Sylvester and his wife. Bethel v. Yearwood, 142 S. W. (2d) 927; Shofner v. Shofner, 105 S. W. (2d) 418; In re Bartel's Estate, 164 S. W. 859.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

Lizzie Burgess in this action contests the probate of the will of her father, T. Bunker, deceased, upon two grounds, (1) mental incapacity and (2) undue influence alleged to have been exercised upon the testator by Frank Sylvester and wife, two of the beneficiaries named in the will. In a jury trial in the district court upon special issues findings were made that the testator had testamentary capacity at the time he executed the will, but that he executed same under the undue influence of the Sylvesters. Upon the verdict petitioners, Lizzie Burgess and husband, filed a motion that judgment be entered denying the admission of the instrument to probate as a will, and respondents, the Sylvesters, filed a motion under Rule 301 that the court disregard the finding on the issue of undue influence and enter judgment admitting the will to probate. This latter motion, after notice and hearing, was granted and judgment was entered admitting the will to probate. The Court of Civil Appeals affirmed the trial court's judgment. 177 S. W. (2d) 271.

■ The application for writ of error was granted for the purpose of reviewing the ruling of the trial court, affirmed by the Court of Civil Appeals, that the finding of undue influence had no support in the evidence. After subjecting the record to a more careful examination since the case was submitted than we were able to do in passing upon the application, we have concluded that no error was committed by the trial court in that ruling, and that consequently no error was committed by the Court of Civil Appeals in upholding same. The opinion of the Court of Civil Appeals makes a fair statement of the evidence on this question. Since that opinion has been published, no reason is perceived why we should again summarize this evidence. The applicable rules of law are well established, and it would profit nothing for us to restate the facts. These facts simply, in our opinion, do not in any manner connect the Sylvesters with the making of this will or warrant the inference that same was made under the spell of their influence. A solemn will executed under the formalities required by law by one mentally capable of executing it should not be set aside upon a bare suspicion of

wrongdoing on the part of a beneficiary. We sustain the holding of the Court of Civil Appeals upon this point.

Another question brought here for decision relates to the alleged improper remarks by the trial judge in connection with his ruling on objections to arguments of counsel for petitioners. One of the elements embodied in the court's definition of testamentary capacity, as contained in the charge, was that the testator must have had sufficient mental ability to understand the nature and extent of his property. Petitioners' counsel took the position that, since the testator undertook to devise to the Sylvesters the whole of a 160-acre tract, and since that tract was community property of testator and his deceased wife, one-half of which descended to Mrs. Burgess, this was some evidence of his mental incapacity. In sustaining an objection to the argument of counsel that Mrs. Burgess, as an heir of her mother, owned a one-half interest in the tract, the trial judge stated to counsel in the presense of the jury that there was no testimony in the case to show that Mrs. Burgess owned a one-half interest in it. The court, however, did permit counsel to argue to the jury, in his opinion, based upon the evidence, the testator owned only a one-half interest in the property, and Mrs. Burgess owned the other one-half interest. The Court of Civil Appeals correctly ruled that no reversible error was shown in this matter. The record discloses, prima facie, that the property was the community property of T. Bunker and his deceased wife, but it further discloses that Mrs. Burgess had in her possession a will executed by her mother devising same to the testator, Bunker. It further discloses that the Burgesses were tenants of testator on a part of the same property and paid him rent on the whole of such part. It further discloses that after the execution of the will involved herein the Burgesses executed a quitclaim deed to all of the estate to testator. While the will was not probated as a muniment of title, it would appear that the parties recognized that the testaor owned it all and Mrs. Burgess testified that she gave the quitclaim deed in order to save her father the expense of having the will probated. Even though the legal title to a one-half interest may have been in Mrs. Burgess at the time the will was executed, this evidence indicates that both she and her father treated it as his own, and that she later confirmed his title by executing a quitclaim deed for a nominal consideration. Under that state of facts she could not claim that it was evidence of mental incapacity on her father's part that he treated the property as his own.

Another point presented here arose in this manner: The will devised a certain described 160 acres of land to Frank Syl-

vester and his wife, Louise Sylvester, as their community property. Immediately following the devise, and in the same paragraph, was this qualification.:

"* * * This conveyance is subject, however, to the payment by Frank Sylvester and wife, Louise Sylvester, of the sum of $3,000.00, such payment to be made to my daughter Lizzie Burgess or to her heirs, said devisees shall pay the sum of $150.00 per year for a period of twenty (20) years, without interest, the first payment to be made on or before the first day of January following my death and subsequent payments to be made on or before the first day of succeeding Januaries until the sum of $3,000.00 shall have been paid. Devisees may pay all or any part of this amount at any sooner period or periods than herein specified if they so desire."

Because of the use of the above language petitioners took the position that an issue of fact was presented as to whether testator intended the instrument as a contract or conveyance of the property instead of a devise thereof by will. Accordingly, they objected to the charge because it did not include "any issue submitting the question of whether or not the portion of said will giving to Frank Sylvester and wife part of the property was intended as a contract or a conveyance of said property to Frank Sylvester and wife." They also requested the court to give in charge to the jury the following special issue:

"Do you find from a preponderance of the evidence that it was the intention of T. Bunker at the time he executed the will introduced in evidence that the portion of said will giving to Frank Sylvester and wife, Louise Sylvester, the land therein described was to constitute a contract on his part to convey to the said Frank Sylvester and Louise Sylvester said land to take effect after his death?"

██ At least two good reasons may be assigned for overruling the points presenting this alleged error of the trial court. In the first place, it is not within the province of the jury to construe the legal effect of a written instrument; in the second place, as a matter of law, the language employed does not convert the will into a deed or contract. Brown v. Payne, 142 Texas 102, 176 S. W. (2d) 306.

In the Court of Civil Appeals error was assigned to various rulings of the trial court instructing the jury not to consider cer-

tain evidence offered by petitioners. Those assignments are not briefed in this court and will therefore not be discussed.

The judgments below are affirmed.

Opinion adopted by the Supreme Court May 24, 1944.

Rehearing overruled October 11, 1944.