Fred B. SHOUBROUEK, Appellant,

v.

Lonnie WELCH et al., Appellees.

No. 4995.

Court of Civil Appeals of Texas.

Beaumont.

Reversed and Rendered Sept. 23, 1954.

Motion for Rehearing Overruled Oct. 20, 1954.

Jack Varner, James F. DeLoney, Nacogdoches, for appellants.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellees.

R. L. MURRAY, Chief Justice.

This is a will contest, and is the second appeal of the case. On the former appeal, the judgment of the trial court was reversed and remanded. Welch v. Shoubrouek, Tex.Civ.App., 260 S.W.2d 84.

This appeal is from a judgment of the district court of Nacogdoches County, denying probate of the will of Jack Welch, deceased. The verdict of the jury found that the testator had testamentary capacity at the time the will was executed, but that he executed it because of undue influence. The proponent and beneficiary of the will, Fred B. Shoubrouek, filed motion for judgment non obstante veredicto, which motion was refused. No attack is made upon the jury's finding that the testator was possessed of testamentary capacity, and so the only controversy before us here is whether there was evidence to sustain the finding of undue influence.

Jack Welch, the deceased testator of the will offered for probate, died in 1948. The will under examination was executed in 1942, at which time the said Jack Welch was about 61 or 62 years of age. By the terms of the will the appellant Fred B. Shoubrouek was made sole beneficiary un-

der Mr. Welch's will. He was not related to the testator. The testator, Mr. Welch, and his wife, who is also now deceased, had no children. Fred Shoubrouek had been a close friend to both Mr. and Mrs. Welch during most of his life. Mrs. Welch was present at his birth and he was very close to them throughout his life. Mr. Shoubrouek was reared in the vicinity of the home of the Welches in Nacogdoches County, and when he grew up his work carried him away to other towns in Texas and Louisiana where he was employed by a large oil company. Shortly before the execution of the will by Mr. Welch in 1942 Shoubrouek was living and employed in New Iberia, Louisiana. Immediately prior to the time the will was made he was at a place below New Orleans in Louisiana. At that time he received a letter written or directed to be written by Mr. Jack Welch, the deceased, asking him to come to Welch's home near Nacogdoches so he could make him a will to his property. Mr. Shoubrouek and his family drove in their car to Mr. Shoubrouek's father's home three miles from Nacogdoches and the next day went to the Welch home. After visiting there with him and Mrs. Welch he took Mr. Welch in his car to Nacogdoches and to the office of Mr. Welch's attorney, Mr. Jack Varner. Mr. Shoubrouek did not enter the lawyer's office with him. Mr. Welch requested Mr. Varner to draw a will for him, leaving his property to Mr. Shoubrouek. Mr. Varner did this and called Dr. T. J. Pennington to serve with himself as a witness to the will. Dr. Pennington had an office on the same floor of the same building with Mr. Varner and had acted as Mr. Welch's family physician for many years. After this proceeding was finished Mr. Shoubrouek took Mr. Jack Welch and the lawyer, Mr. Varner, out to the Welch home with the will of Mrs. Welch to be executed. The will of Mrs. Welch was prepared by Mr. Varner during the same morning when he prepared Mr. Welch's will and it was done at the request of Mr. Welch. Mrs. Welch was very sick and in fact died a few weeks after her will was executed. Her will by its terms also left all her interest in her property to Mr. Fred Shoubrouek, the appellant. Mr. Shoubrouek was not present in the room when either will was executed. He paid Mr. Varner the fee for the preparation and execution of both wills. There was testimony by a lady who was a neighbor of the Welches and who was present at the time Mrs. Welch executed her will that Fred Shoubrouek promised Mr. and Mrs. Welch that if they would will what they had to him he would see that they did not want for anything as long as they lived. There also was testimony that Mr. Shoubrouek sent Mr. Welch small amounts of money totaling only $5.00 during that same year, 1942. Mr. Shoubrouek testified he sent amounts over the whole six years amounting to $500 or $600 or $700. He did not produce at the trial cancelled checks in support of his statement. There was considerable testimony in the record concerning the actions of Mr. Welch in support of the contention by the contestants of the will, appellees here, that he did not have testamentary capacity. In fact it appears that about nine-tenths of the record of the evidence is devoted to matters bearing on the testamentary capacity of the deceased, Mr. Welch.

We do not believe that the evidence, which is summarized above, presents any evidence of undue influence causing Mr. Welch to execute the will which he did.

■■ As was pointed out in the opinion in the case of Long v. Long, 133 Tex. 96, 125 S.W.2d 1034, 1035, "It cannot be said that every influence exerted by one person over the mind of another is undue. The influence is not undue unless the free agency of the testator has been destroyed, and a will produced that such testator did not desire to make." It is also stated in the case of Scott v. Townsend, 106 Tex. 322, 166 S.W. 1138, 1143, "The issue (of undue influence) is proved only when free agency is shown to have been supplanted, which means a testament made under such subjection or a surrender of the natural

freedom of will and action as that it speaks the mind of another." In the recent case of Curry v. Curry, Tex., 270 S.W.2d 208, 215, the opinion by Justice Calvert, quoted from and approved the holding in Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358 that " 'A solemn will executed under the formalities required by law by one mentally capable of executing it should not be set aside upon a bare suspicion of wrong doing on the part of the beneficiary.' "

We think the outstanding facts of this will contest are that Shoubrouek was a close friend of the Welches and had been for many years; the Welches had no children of their own and the contestants who were nieces and nephews of the deceased have not seen him for years and were hardly known to Mr. Welch; that it was Mr. Welch's idea to summon Shoubrouek from his home to Nacogdoches to have the will made; that the will was made and executed under all the formalities which the law requires for the making and publishing of a will; that the jury has found under sufficient evidence that Mr. Welch had testamentary capacity when he made his will; the will was made in 1942 and during the six years of his life thereafter so far as the record shows he made no effort to change or revoke the will. Certainly under the circumstances prevailing at the time of the execution of this will, it cannot be said that it spoke the mind of Shoubrouek and not that of Jack Welch, deceased. We believe that the appellant's motion for judgment notwithstanding the verdict of the jury should have been granted and judgment rendered admitting the will of Jack Welch, deceased, to probate.

Accordingly the judgment of the trial court is reversed and judgment here rendered admitting said will to probate.

Reversed and rendered.

WALKER and ANDERSON, JJ., concur.