Emil KNUTSON, Appellant,

v.

Sheldon RIPSON et al., Appellees.

No. 7040.

Court of Civil Appeals of Texas.

Amarillo.

April 24, 1961.

Rehearing Denied May 22, 1961.

Allen & Allen, Perryton, for appellant.

Lemon & Close, Perryton, for appellees.

DENTON, Chief Justice.

This is a suit brought by appellant, Emil Knutson, against appellees, Sheldon Ripson, C. W. Norton and Don House, for the breach of a contract. On June 6, 1959, Knutson and appellees entered into a written contract in which Knutson agreed to sell and appellees agreed to purchase 500

heifers and 700 steers at stipulated prices per pound. Under the terms of the contract the heifers and steers were to be delivered at the option of the purchasers between August 1, 1959 and November 15 of the same year. Upon the execution of the contract, Ripson and his partners deposited with Knutson the sum of $18,000 as "escrow" or "forfeit money" representing $15 per head to be purchased. At the time each group of cattle was delivered, the purchasers were credited with the sum of $15 per head actually delivered and accepted. Each shipment was paid for at the time of delivery at the contract price less the $15 per head credit. This amount was deducted from the $18,000 which was originally deposited with Knutson.

Pursuant to the contract, the 500 heifers were delivered in two groups: the first half were delivered between August 10 and August 15 and the second half were delivered September 2. On September 23, Knutson delivered 232 steers and on November 11 an additional 232 steers were delivered. It is admitted that the appellees refused to accept more than 232 steers on the November 11 delivery. Knutson timely filed this suit against appellees for their failure to accept the additional 201 steers called for in the contract. The latter number sued upon allows the appellees a "five per cent cut" from the total of 700 steers contracted for. There is no controversy relative to the number of heifers purchased and delivered.

Appellees pleaded accord and satisfaction as a defense. Based upon the jury's answers to the special issues, the trial court rendered judgment that appellant Knutson take nothing.

Appellant's first point of error deals with the failure of the trial court to enter a default judgment for appellant. This suit was instituted in the Hansford County District Court on December 17, 1959 in which recovery of $11,293.54 was prayed for. On January 27, 1960 appellant filed his first amended original petition reducing the amount prayed for to $9,950.30, and on January 29, 1960, appellees filed in the Federal District Court in Amarillo their petition for removal to that court. Although the record is not clear, we assume that appellees had not received a copy of the first amended original petition at the time their petition for removal was filed. On February 8 of that year appellees filed a general denial in the State Court, and on February 22 the Federal Court remanded the case to the District Court in Hansford County. It is appellant's contention that appellees' purported answer filed on February 8 was a nullity in that the State Court lost jurisdiction of the case pending action by the Federal Court on the petition for removal. Rule 237-a, Texas Rules of Civil Procedure, provides that:

"When any cause is removed to the Federal Court and is afterwards remanded to the State Court, the plaintiff (appellant) shall file a certified copy of the order of remand with the clerk of the state court and *shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer."* (Emphasis added.)

■ A careful search of the record reveals no such written notice was given to appellees' attorneys. Appellant failed to comply with the plain language of the rule quoted above, and therefore he is not in a position to complain of the failure of appellees to file their answer before the default judgment was requested. The record further shows the appellees filed an amended answer on April 22 which was prior to the trial of the case on its merits. These facts lead us to the conclusion that appellant's first point of error is without merit.

The trial court's charge to the jury contained two special issues. The first issue asked if appellant was ready, willing and able to deliver to appellees the 201 head of steers that remained to be delivered under the contract. The jury answered this issue

in the affirmative. Special Issue No. 2 read as follows:

"Do you find from a preponderance of the evidence that the liability, if any, of defendants under the contract in question was not settled and discharged by Emil Knutson by his acceptance of checks delivered to him by defendants on November 11, 1959?"

"Answer: It was not settled and discharged" or "It was settled and discharged."

The jury answered "It was settled and discharged."

By various points of error appellant contends there was no evidence to support the submission of Special Issue No. 2 to the jury; that Issue No. 2 did not properly submit the necessary elements of appellees' defense of accord and satisfaction; and further that such issue submitted a question of law rather than a question of fact. Being convinced appellant's last two points of error must be sustained, we deem it unnecessary to discuss the points dealing with "no evidence" or "insufficient evidence."

In our opinion, appellees pleaded the facts necessary to constitute accord and satisfaction as a defense to appellant's cause of action for breach of a contract. Having properly pleaded this defense and having offered sufficient evidence to support it, they were entitled to a submission of such a defense. Rules 277 and 279, T.R.C.P. However, it was incumbent on the trial court to submit all controverted fact issues made by the pleadings and the evidence. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651.

Special Issue No. 2 as framed called on the jury to determine the legal effect of Knutson's accepting the checks. It is fundamental that only issues of fact should be submitted to the jury. As framed, the issue was the submission of a question of law. The jury was asked if appellees' "liability * * * under the contract * * * was not settled and discharged" by the appellant's acceptance of the checks. Clearly this issue permitted the jury to determine the legal effect of the contract in question. Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358; Advance Aluminum Castings Corp. v. Schulkins, Tex.Civ. App., 267 S.W.2d 174 (no writ history); Reed v. James, Tex.Civ.App., 91 S.W.2d 946 (no writ history); Kemper v. Police & Firemen's Ins. Ass'n, Tex.Com.App., 48 S.W.2d 254; City of Port Arthur v. Young, Tex.Civ.App., 37 S.W.2d 385 (error refused). It is to be further noted the charge did not contain any definitions or instructions in connection with the special issue under consideration. Concluding that this error requires a reversal of a case, we do not deem it expedient to discuss other points of error brought forward.

For the error pointed out, the judgment of the trial court will be reversed and the cause remanded for a new trial.

Reversed and remanded.