EMIL KNUTSON, Petitioner

v.

SHELDON RIPSON ET AL, Respondents

No. A-8485.    Decided January 17, 1962
Rehearing Denied March 21, 1962
354 S.W. 2d 575

*Allen, Allen & Reavis,* Perryton, for petitioner.

*Lemon, Close & Atkinson,* Perryton, *William Norton,* Lowden, Iowa, for respondents.

ASSOCIATE JUSTICE CULVER delivered the opinion of the Court.

Petitioner, Knutson, brought this suit seeking damages for the breach of a contract whereby Knutson agreed to sell, and the respondents, Ripson, Norton and House, agreed to buy approximately 1200 head of cattle. To the following Special Issue "Do you find from a preponderance of the evidence that the liability, if any, of the defendants under the contract in question, was not settled and discharged by Emil Knutson by his acceptance of the checks delivered to him by defendants on November 11, 1959?" the jury answered: "It was settled and discharged."

The trial court thereupon entered a judgment for defendant that plaintiff take nothing. On appeal, 346 S.W. 2d 424, this judgment was reversed and the cause remanded for a new trial. Both Knutson and Ripson et al. bring applications for writs of error praying that the judgment of the Court of Civil Appeals be reversed and rendered in their favor.

Knutson contends that there is no evidence to support the finding of the jury in answer to the foregoing special issue.

The written contract between the parties provided for the purchase and sale of some 1200 cattle at a stipulated price per pound. The cattle were to be delivered at the option of the purchasers between August 1 and November 15, 1959. The contract further provided that Ripson and his associates would deposit with Knutson the sum of $18,000.00 "as escrow" or "forfeit money", which figured $15.00 per head. Three separate lots were delivered on different occasions and settlement made on each delivery. On those occasions Knutson allowed to the purchasers credit for $15.00 per head and deducted those sums from the forfeit money.

Purchasers had requested that half of the steers totalling 700 be delivered on September 23, but Knutson delivered only 232 steers giving as his reason that he thought Ripson was unreasonable in making that request and "they were not fat enough for me." At the time of the last delivery on November 11, Ripson refused to take more of the steers than had been delivered to him on the last occasion. Whereupon Knutson offered to sell the remainder to him at a reduced price, which offer was rejected.

Thereafter the parties proceeded to the bank where checks were given to Knutson for the 232 head so delivered. In this transaction Knutson gave Ripson credit for some $800.00 that had been paid to him in error on a former delivery and also credited Ripson with the entire balance of the forfeit money. Admittedly the check given by Ripson did not contain any notation to the effect that it was in full settlement, nor was anything said to that effect by any of the parties. However, under all the facts and circumstances we cannot say that the Court of Civil Appeals was in error in holding that there was some evidence to warrant a finding of fact that the parties had intended to make a settlement of the matter in their last transaction, or that Knutson led Ripson to believe that by the acceptance of the checks the matters in controversy would be settled.

■ The Court of Civil Appeals further held in its remand of the case that the issue as submitted called for the jury to make a finding upon a question of law rather than on a question of fact and on that point we are also of the opinion that the Court of Civil Appeals did not err. See Burgess et al. v. Sylvester, 143 Texas 25, 182 S.W. 2d 358; Kemper v. Police & Firemen's Ins. Ass'n., 48 S.W. 2d 254, Com. App.; Hough v. Grapotte, 127 Texas 144, 90 S.W. 2d 1090.

Ripson, in support of his contention that the issue properly submits a fact question and not one of law, cites Root & Fehl v. Murray Tool Co., 26 S.W. 2d 189, Com. App., where the issue was submitted as follows:

"On October 14, 1926, when the defendants delivered a check of $254.71, was it agreed between the parties that this would be in full satisfaction of all claims and controversies, if any, theretofore existing between the parties?"

That issue asked for a finding as to whether or not the parties made an agreement, which is an issue of fact; while the one in the case before us inquires as to the effect of the acceptance of the checks upon the contract liability of the defendants, which is a question of law. Therein lies the distinction.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 17, 1962.