Floyd **FOERSTER**, Appellant,

v.

Louis **PEOPLES**, Appellee.

No. 7202.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 3, 1962.

———◆———

Campbell, Brock, Wright & Waters, Lubbock, for appellant.

Hay & Gillespie, Lubbock, for appellee.

DENTON, Chief Justice.

This is a suit seeking to recover money due under an oral contract of employment. Appellee, Louis Peoples, was employed for a period of one year by appellant to perform general farming duties. Peoples was to receive a salary of $30.00 per week plus the proceeds from ten acres of cotton. The employment began January 1, 1960, and ended on or about July 15 of that same year. Peoples filed this suit alleging a breach of a contract and seeks damages therefor. Appellant filed a cross-action alleging appellee's failure to perform the contract of employment, and plead an indebtedness owed to him by Peoples. Based on the jury's answers to special issues submitted, a judgment was entered for appellee and appellant timely perfected this appeal.

Appellant attacks the first special issue by contending it is a submission of a question of law; that there is no evidence to support the submission of such issue; and that the jury's answer to such issue is contrary to the great weight and preponderance of the evidence. Special issue number one and the jury's answer thereto reads as follows:

"Do you find from a preponderance of the evidence that the contract between the plaintiff, Louis Peoples, and the defendant, Floyd Foerster, was breached by the said Floyd Foerster?

"Answer 'Yes' or 'No'.

"Answer 'Yes'."

No definition or explanatory instruction in connection with this issue was given.

Rule 279, Texas Rules of Civil Procedure, requires the trial court to submit controlling issues which are supported by the pleadings and the evidence. It is well settled that only issues of fact are to be submitted to the jury. As framed, special issue number one called on the jury to determine the effect of appellant's actions upon the oral contract between the parties. This is clearly a question of law and as such is an improper submission. Knutson v. Ripson, Tex.Civ.App., 346 S.W.2d 424,

affirmed 354 S.W.2d 575; Advance Aluminum Castings, Corp. v. Schulkins, Tex. Civ.App., 267 S.W.2d 174, NRH; Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358. Appellant's first point of error is sustained. As this error requires a reversal of the case, it is not deemed necessary to discuss the other points of error. However, these points have been considered, and in our opinion, they fail to disclose reversible error.

Appellant strongly contends the case should be reversed and rendered rather than remanded. After reviewing the evidence, we are of the opinion that there is some evidence of probative force which supports the findings of the jury in answer to the controlling issues submitted.

The judgment of the trial court is accordingly reversed and the cause remanded for a new trial.