**LACK'S STORES, INC., Appellant,**

v.

**Wilfred WAISATH et ux., Appellees.**

**No. 4989.**

Court of Civil Appeals of Texas, Waco.

Feb. 18, 1971.

Rehearing Denied March 11, 1971.

Carsner, Carsner & Bissett, Victoria, for appellant.

Ted Dunnam, Port LaVaca, Richard Thornton, Galveston (appeal only), for appellees.

## OPINION

WILSON, Justice.

Plaintiffs, who operated apartments, sued defendant, a furniture dealer, for damages alleged to have resulted from conversion of furniture in the apartments. Defendant answered that it held a valid chattel mortgage lien on the furniture to secure payment of purchase money notes, and that it purchased the furniture at foreclosure sale, crediting plaintiffs with the purchase price. Defendant also pleaded plaintiffs were not entitled to possession of the furniture, but a third person had been declared possessor by court order.

A jury found that plaintiffs were owners of furniture "against which defendant had no lien", of the cash market value of $1200 which was converted December 27, 1967 by defendant. It was found defendant acted "wantonly and maliciously in converting" the furniture, and exemplary damages were fixed at $3000. Judgment against defendant was rendered for these amounts.

Appellant contends the evidence is legally and factually inadequate to support the finding that it converted furniture as alleged, or to sustain the other jury findings.

Perplexingly, the interdependent issues as to the extent of furniture, if any, against which defendant "had no lien," and whether there was a "conversion", (i. e., "any distinct act or dominion wrongfully asserted over another's property in denial of his rights or inconsistent with it," as the court charged) submit, not fact issues, but questions of law; the very law questions which we are now required to decide. See Knutson v. Ripson, 163 Tex. 312, 354 S.W. 2d 575 (1962); Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358 (1944).

Plaintiffs pleaded and there was evidence to show that they had leased the apartments, about 40 in number, but their right to possession was terminated by a district court order December 27, 1967; that when they were required to abandon the apartments, they attempted to remove the furniture listed, but were prevented by defendant, which took possession; that in 1965 plaintiffs bought furniture listed from defendant, the purchase price debt being evidenced by three notes, secured by chattel

mortgages, on which they later made payments; that in September, 1967 defendant presented, and plaintiffs executed a renewal note which did not recite payment was secured by chattel mortgage or other security instrument, and none was executed; although they did execute a financing statement describing the collateral, which was recorded.

Plaintiffs alleged defendant failed to comply with Chapter 9 of the Uniform Commercial Code, V.A.C.S., (effective before the renewal notes were executed); that it failed to make disposition of the furniture in a commercially reasonable manner, and plaintiffs were entitled to damages under sections 9.504, 9.505, 9.506 and 9.507 of the Code; that defendant had evidenced an effort to comply with the new Code by filing a financing statement and had thereby elected to bring the transaction and indebtedness within its provisions, but having obtained and filed no security agreement, it had no security interest in the furniture when it was sold.

Defendant pleaded in response that its 1965 chattel mortgage lien continued in effect without being impaired by enactment of the Uniform Commercial Code; that the balances on the notes were merely consolidated and renewed in 1967; and the filing of the financing statement was not an abandonment of its chattel mortgage lien. It reiterated its defense that plaintiffs' right to possession of the furniture had been terminated by court order and vested in a third person.

On December 27, 1967, the date of the alleged conversion, the District Court of Calhoun County rendered judgment in a suit by a third party against plaintiffs directing that an inventory of the contents of the apartments should be made by plaintiffs and that they should deliver possession thereof to the third party who was plaintiff in that suit.

That order had not been modified at the time of trial, and it enjoined removal of the furniture by plaintiffs. It is not necessary to hinge decision on the effect of that order, however; nor on defendant's contention that no demand for possession or refusal to deliver possession by it is shown by the evidence.

■ There is, in our opinion, no evidence, and certainly, insufficient evidence, of any conduct by defendant which can be said to constitute conversion of any furniture on or before December, 1967 (the time pleaded and found by the jury), nor until defendant undertook to foreclose its chattel mortgage lien and repossessed or purchased the furniture in March, 1968. It is plaintiffs' position that this effected a conversion of the furniture because the provisions of the Uniform Commercial Code as to a security agreement were not complied with. Whether the chattel mortgage, filed before the Code was enacted, continued to be effective, therefore, is the controlling question.

Sec. 10–101 of the Uniform Commercial Code limits its application "to transactions entered into before its effective date, June 30, 1966. Transactions validly entered into before that date and the rights flowing from them, Sec. 10–102 provides, remain valid; and security interests theretofore perfected as a result of filing (including those filed under Arts. 5489 and 5490, V.A.C.S.) are made to continue until July 1, 1971. Sec. 10–102(2) (b). Acts 1967, 60th Leg., p. 1986, Ch. 735.

Plaintiffs were in default in the payment of the indebtedness when defendant foreclosed its chattel mortgage lien. The foreclosure and sale could not be construed as a conversion, and the furniture listed in the mortgage could not be considered property on which defendant "had no lien" unless the filing of a financing statement can be held to be an abandonment or relinquishment of the chattel mortgage lien. In our opinion the filing of the financing statement did not have that effect; and even if plaintiffs' theory that defendant attempted thereby to comply with the Code, should be accepted there is no reason why

 

the chattel mortgage did not continue as a security agreement thereunder. A chattel mortgage, as between the parties at least, will constitute a sufficient security agreement. See Sec. 9.102(b) and comments, 3 Business and Commerce Code, V.A.C.S., (1968), pp. 189, 225, 227.

We find no evidence of probative force that any furniture sold at the foreclosure sale was not included in that listed in the chattel mortgage. Since defendant converted no property of which plaintiffs had possession or a possessory right in December 1967, and since the sale under the chattel mortgage in the following year is not shown to be a conversion, the judgment is reversed.

Although the record is not clear, and accurate analysis of it is nigh to impossible, there appears to be some evidence that in 1969 defendant may have removed some furniture which was plaintiffs'. They testified concerning a photograph of the furniture, "some of it is". But there is no pleading, issue or requested issue on this asserted conversion.

Judgment is reversed and judgment is rendered that plaintiffs take nothing.

Reversed and rendered.