HBA EAST, LTD., a Texas Limited Partnership, HBA East, Inc., Ring Network, Inc., Ring Sports Promotions, Inc., Round One Productions, Inc., and Jeffrey D. Levine, Appellants,

v.

JEA BOXING COMPANY, INC. and Pine Hill Investments, Inc., d/b/a Houston Boxing Association, Appellees.

No. 01–89–00557–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

Rehearing Denied Sept. 6, 1990.

Joe C. Holzer and Marilyn J. Wright, Houston, for appellants.

Dixon Montague, Houston, for appellees.

Before DUNN, SAM BASS and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a no answer default judgment. We affirm in part and reverse in part.

The defendants and appellants are HBA East, Ltd.; HBA East, Inc.; Ring Network, Inc.; Ring Sports Promotions, Inc.; Round One Productions, Inc.; and Jeffrey D. Levine. HBA East, Ltd. is a Texas limited partnership. All the other defendants are New York residents that do business in Texas. The plaintiffs and appellees are JEA Boxing Company, Inc. and Pine Hill Investments, Inc., doing business as the Houston Boxing Association.

In 1984, the plaintiffs and defendants formed a limited partnership in Texas, HBA East, Ltd., to promote boxing events. HBA East, Inc. became the managing partner of HBA East, Ltd.

The plaintiffs filed suit in Texas state court on March 3, 1987, alleging that Jeffrey Levine used HBA East, Inc., as his alter ego, to manipulate HBA East, Ltd. and that Levine, through HBA East, Inc., breached his contractual agreement with the plaintiffs by refusing to make accountings. They also claim Levine breached his fiduciary duty to them by self-dealing. The defendants undertook a series of legal maneuvers, including the filing of bankruptcy petitions by some of them and the filing for removal from Texas state court to federal district court. They did not file answers in the state court proceeding until May 10, 1989. Meanwhile, the plaintiffs sought, and were granted on April 1, 1989, a default judgment against the defendants.

On appeal, the defendants assert that the trial court erred in: (1) entering a default judgment against them after they had appeared, without notice to them of the hearing on the plaintiffs' motion for default judgment; (2) entering a default judgment against them before their answer was due under Tex.R.Civ.P. 237a; and (3) ordering the district clerk to release funds from the court's registry to the plaintiffs.

The following dates are procedurally significant:

1987 March 3—The plaintiffs filed suit in Texas state court.

March 5—HBA East, Inc. was served.

March 6—HBA East, Ltd., Ring Network, Ring Sports Promotions, Round One Productions, and Jeffrey Levine were served.

March 27—HBA East, Inc., Jeffrey Levine, and Round One Productions filed petitions for chapter 11 bankruptcy in New York.

March 30—The answer deadline in the Texas state court suit.

1988 June 3—The New York bankruptcy court dismissed the bankruptcy suit.

June 27—All the defendants filed petitions for removal from Texas state court to federal district court in Texas.

June 29—The defendants attended the hearing on remand in federal district court; the court announced it would remand the case to Texas state court.

June 30—Federal district court remanded the case to Texas state court.

June 30—The clerk of federal district court notified parties of the remand order.

June 30—The defendants filed suit in New York state court.

July 8—Federal district court in Texas held a hearing on contempt motion; at the hearing, the defendants' attorney acknowledged that the defendants knew of the remand.

July 19—The defendants received another notice of the remand: A copy of the letter sent to Texas state court about the remanded case and funds in the registry of federal district court in Texas.

November 4—The New York state court dismissed its case and acknowledged the case pending in Texas state court.

**1989** March 29—In Texas, the federal district court's order of remand was filed in the Harris County District Clerk's office.

April 1—Texas state court entered a default judgment against all the defendants.

April 10—Texas state court ordered the clerk to pay all funds in the registry to the plaintiffs.

April 28—The defendants filed a motion for new trial in Texas state court.

May 10—All the defendants filed their original answers in Texas state court.

May 10—Texas state court denied the motion for new trial.

In considering the defendants' second point of error, we note that there is a distinction between those who filed for bankruptcy and those who did not. ■ Ring Network, Ring Sports Promotions, and HBA East, Ltd. (the nonbankruptcy defendants) did not file for bankruptcy. Therefore, they did not have the benefit of the automatic stay afforded debtors who file petitions under the federal bankruptcy laws. *See* 11 U.S.C.S. sec. 362 (Law.Co-op.1985 & Supp.1990). The answer date for the nonbankruptcy defendants in the Texas state court suit, therefore, was the first Monday following the expiration of 20 days after service of citation, or March 30, 1987. Tex.R.Civ.P. 99(c), 237. The answers filed by the nonbankruptcy defendants on May 10, 1989, were over two years too late. Moreover, the deadline for their answer expired before they filed their petition for removal to federal court, so they are unable to use Tex.R. Civ.P. 237a to extend their answer deadline.

We overrule the second point of error with respect to the nonbankruptcy defendants.

■ HBA East, Inc., Levine, and Round One Productions (the bankruptcy defendants) filed for bankruptcy in New York three days before their answer date in the Texas state court suit. The bankruptcy filings resulted in an automatic stay for the bankruptcy defendants, and their time to file answers in the state lawsuit was tolled until the bankruptcy cases were dismissed or closed. *See* 11 U.S.C.S. sec. 362(c)(2)(A), (B) (Law.Co-op.1985).

After conducting extensive hearings, the bankruptcy court in New York, on June 3, 1988, dismissed the defendants' bankruptcy as brought in bad faith. The bankruptcy defendants' time to answer resumed 30 days after June 3, 1988, or on July 3, 1988. *See, Howard v. Howard*, 670 S.W.2d 737, 739 (Tex.App.—San Antonio 1984, no writ); 11 U.S.C.S. sec. 108(c) (Law.Co-op.1985 & Supp.1990). Therefore, the new answer date for the bankruptcy defendants in the Texas state court suit was July 6, 1988.

On June 27, 1988, all the defendants filed a petition for removal of the Texas state court suit to federal district court. On June 29, the federal court announced that it was going to remand the case to Texas state court. The court also ordered the $175,000, which was escrowed in the bank-

ruptcy court in New York, to be deposited with the federal district court until the case was remanded to Texas state court. On June 30, 1988, the federal district court signed a remand order. The clerk of the federal district court furnished the Texas state court a certified copy of the remand order on March 28, 1989. *See* 28 U.S.C.S. sec. 1447(c) (Law.Co-op.1989).

Rule 237a of the Texas Rules of Civil Procedure provides:

> When any cause is removed to the *Federal Court* and is afterwards remanded to the state court, *the plaintiff shall file a certified copy of the order of remand* with the clerk of the state court *and* shall forthwith *give written notice of such filing* to the attorneys of record for all adverse parties. *All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer.*

TEX.R.CIV.P. 237a (emphasis added). Rule 237a establishes a "start" date from which the 15 day answer period may be computed. The new answer date for the bankruptcy defendants in the Texas state court suit became the date 15 days after their receipt of the notice of the filing of the remand order from the plaintiffs. The defendants claim that they never received written notice of such filing from the plaintiffs. This claim is uncontradicted by the plaintiffs. The bankruptcy defendants rely on rule 237a to argue that their answers were not due at the time the default judgment was granted. They contend that the failure to comply with the provisions of rule 237a renders the default judgment void.

The plaintiffs interpret rule 237a as only requiring notice to a defendant that a case has been remanded from federal court to state court. They contend that, because the bankruptcy defendants received multiple notices of the remand, no further notification was required and there has been no violation of the rule.

■ The plain wording of rule 237a gives a defendant 15 days from the receipt of the plaintiff's notice of the filing of the order of remand to file an answer in state court, without reference to whether the original removal was provident. Were we to hold that actual notice of an order of remand was sufficient to cause the 15–day period to commence, not only would we render meaningless the language of rule 237a, but we would cause confusion among practitioners concerning the "start" date from which the 15–day answer deadline is determined after a cause is remanded to state court from federal court. A discussion of rules 239 and 237a of the Texas Rules of Civil Procedure and the procedures for removing causes from state to federal court illustrates our concerns.

Rule 239 of the Texas Rules of Civil Procedure reads as follows:

> Upon such call of the docket, or *at any time after a defendant is required to answer*, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107.

TEX.R.CIV.P. 239 (emphasis added). In the case before us, the default was taken in "term time," and the record shows that the citations with the officers' returns were on file with the clerk for the time required by TEX.R.CIV.P. 107 and that answers were not filed before the default judgment was entered. The only element remaining to be satisfied under rule 239 is the date by which the bankruptcy defendants were required to file an answer. Rule 237a dictates the bankruptcy defendants' filing deadline.

■ The procedure for removal of a cause from state to federal court is set forth in 28 U.S.C.S. sec. 1446 (Law.Co-op. 1989). In part, that section reads:

> Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, *which shall effect the removal* and the *State court shall proceed no further unless and until the case is remanded.*

28 U.S.C.S. sec. 1446(d) (emphasis added). Under the federal statute, removal occurs when the proper filings are done in the federal district court and state court. If the removal procedure is defective, or if the federal district court lacks subject matter jurisdiction, the remedy is remand. *See* 28 U.S.C.S. sec. 1447(c) (Law.Co-op.1989); *see also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921). Until remand, however improvident a removal may have been, a cause remains removed. *See* 28 U.S.C.S. sec. 1446(d). It should be noted that an order remanding the cause may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C.S. sec. 1447(c). When causes are erroneously removed, costs may be taxed against the defendant. *See American United Life Ins. Co. v. Franklin,* 97 F.2d 76, 77 (8th Cir.1938); *Schmidt v. NOW,* 562 F.Supp. 210, 215 (N.D.Fla.1983).

■ In this case, the cause was removed to federal court and quickly remanded back to the state court. Under rule 237a, it then became the plaintiffs' obligation to file a copy of the remand order with the clerk of the state court and to give written notice of such filing to the defendants. It should be noted that the *plaintiff* controls the timing of the filing and the written notice. Written notice must be accomplished in person, by registered mail, or in any other way directed by the court. TEX.R.CIV.P. 21a. Delivery in person or by registered mail generates a dated receipt from which the 15–day period can be calculated. A defendant then has 15 days after receipt of such written notice to file its answer. It is worth emphasizing that rule 5 of the Texas Rules of Civil Procedure allows the trial court in its discretion, "for cause shown," to enlarge a period during which notice may be given under the Rules. There is no comparable rule permitting a trial court to shorten any notice period under the rules.

■ The Texas Supreme Court has stated that the Texas Rules of Civil Procedure have the same force and effect as statutes. *Missouri Pac. R.R. v. Cross,* 501 S.W.2d 868, 872 (Tex.1973). While the rules are to be liberally construed to ensure a fair and equitable adjudication of the rights of the litigants, their plain meaning cannot be ignored. *Heard v. Heard,* 305 S.W.2d 231, 235 (Tex.Civ.App.—Galveston 1957, writ ref'd). When a court interprets a statute, it must give effect to all the words of a statute and not treat any statutory language as surplusage if possible. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *see also City of Houston v. Morgan Guar. Int'l Bank,* 666 S.W.2d 524, 529 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), *cert. denied,* 469 U.S. 1213, 105 S.Ct. 1185, 84 L.Ed.2d 332 (1985).

Rule 237a gives a defendant 15 days from the receipt of a plaintiff's notice of remand to file its answer. *See, e.g., Knutson v. Ripson,* 346 S.W.2d 424, 425 (Tex. Civ.App.—Amarillo 1961), *aff'd on other grounds,* 163 Tex. 312, 354 S.W.2d 575 (1962). For example, a plaintiff can file a copy of the order of remand in the state court and serve notice on the defendant on the same day the order is issued by the federal court thereby compelling the defendant to file its answer within 15 days, a comparatively short period of time.

Reading rules 237a and 239 together, we conclude that a default judgment cannot be granted against a defendant following remand of a case from federal to state court until 15 days have expired from the defendant's receipt of the remand notice from the plaintiff.

We sustain the second point of error with respect to the bankruptcy defendants.

In point of error one, the defendants contend the trial court erred in entering a default judgment after they had appeared in the case because they were not given notice of the hearing on the motion for default. In light of our disposition of point of error two, we will not address this point of error as it relates to the bankruptcy defendants, but must do so with respect to the nonbankruptcy defendants.

■ The nonbankruptcy defendants failed to urge this point of error before the trial court in their motion for new trial. To

preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion. TEX. R.APP.P. 52(a); *see Davis v. Davis,* 734 S.W.2d 707, 710 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Nor does the fact that the nonbankruptcy defendants allege that the lack of notice of the hearing was a violation of their due process rights under the fourteenth amendment to the United States Constitution affect their waiver of this point of error. Constitutional issues must first be raised in the trial court. *See Feinman v. State,* 717 S.W.2d 106, 115 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

We overrule the first point of error with respect to the nonbankruptcy defendants.

In point of error three, the defendants argue that the trial court should not have ordered the immediate release of funds from the court's registry to the plaintiffs. The defendants argue that, because the default judgment was premature and therefore void, the trial court erred in releasing the funds.

We have already decided that the default judgment was improper in relation to the bankruptcy defendants. Therefore, the trial court's order transferring the funds in its registry to the plaintiffs was also improperly granted.

We sustain the defendants' point of error three.

Therefore, we affirm the judgment with respect to the nonbankruptcy defendants, HBA East, Ltd., Ring Network, and Ring Sports Promotions; reverse the judgment with respect to the bankruptcy defendants, HBA East, Inc., Round One Productions, and Levine, and remand to the trial court; and order the plaintiffs to return the funds released to them by the trial court to its registry.